T. B. Massaro Co.
vs.                    No. 84645.
Hair Dressers Supply Co.

February 11, 1932.

BLODGETT, P. J. Heard without the intervention of a jury.

Action to recover upon two promissory notes for $236.52 made by defendant to plaintiff, also upon a note similarly made for $236.00.

The notes were given by defendant to plaintiff in payment for two permanent waving machines sold by plaintiff to defendant. The notes are dated May 20, 1930; the note for $236 being payable in sixty days and that for $236.52 in ninety days.

Defendants are in the business of selling supplies for hair-dressing parlors, and placed one of the machines purchased from plaintiff.

Originally, payment for such machines was made by three notes, the first of which defendant paid when due.

The defense is that certain representations were made by plaintiff as to such machines, contained in a book of instructions issued by plaintiff and accompanying the sale of same, which proved to be false and misleading, and by reason of which defendant refused to pay said notes when same became due, and returned machine to plaintiff.

Sidney E. Sullivan, president of the defendant corporation, testified that plaintiff corporation assured him that no demonstrations of machines were necessary as the circular accompanying the machines could be relied upon.

The machine was placed by defendant in a beauty parlor conducted in Providence by Mary Watson. Rena M. Shore on July 15, 1930, went to said parlor for a permanent wave and testified her hair was burned off by said machine, and a letter from Raymond J. McMahon, attorney at law, dated September 9, 1930, directed to defendant, notified defendant of a claim for damages by reason of said catastrophe to Mrs. Shore.

Rose A. McGinnis testified that she worked in the beauty parlor of a Mrs. Snow, where a similar machine was in use; that she got a demonstration of the machine and the hair of a client was burned, and that Mrs. Snow returned the machine.

In Section 4 of the circular, on "Heating Time," occur the words "Since the hair is thoroughly saturated with *Dee Lite Lotion* it is absolutely impossible to burn the hair or scalp, even if the heat were left on nine or ten minutes."

The testimony is that this *Dee Lite Lotion* is sent to be used in the permanent waving process with this machine, and was so used in the demonstration upon Mrs. Shore, in accordance with directions on said circular.

A copy of a letter from defendant to plaintiff, dated October 7, 1930, was introduced in evidence, refusing, for reasons stated, to pay said notes.

Taking the entire testimony into consideration, defendant was justified in refusing to pay said notes.

Decision for defendant.

For plaintiff: Max Winograd.

For defendant: Charles A. Kiernan.